IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS PHILLIP GREEN                                 PLAINTIFF

VS.                          CIVIL ACTION NO. 3:17-CV-294-DCB-LRA

WARDEN FRANK SHAW, et al.                      DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Linda R. Anderson's Report and Recommendation **(docket entry 29)**, to which no objections were filed by the plaintiff. Having carefully reviewed the Report and Recommendation, and applicable statutory and case law, the Court finds that plaintiff's case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because of the plaintiff's failure to prosecute or comply with orders of the Court.

On April 21, 2017, Thomas Phillip Green ("Green") filed a complaint while incarcerated at the East Mississippi Correctional Facility ("EMCF"). (docket entry 1). By Order of July 5, 2017, Green was granted permission to proceed in forma pauperis. (docket entry 6). The Court scheduled an omnibus hearing that was held on February 14, 2018. (docket entry 25). A writ of habeas corpus ad testificandum was issued to the Warden at the EMCF for Green to be transported for the hearing. (docket entry 26). The Order setting the hearing was sent to Green, but returned to the Court

by the United States Post Office as undeliverable. (docket entry 27).

On February 14, 2017, defense counsel Matthew Walton, representing all defendants, appeared at the omnibus hearing and waited for plaintiff to appear. Green did not attend the hearing, and did not contact the Court to request a continuance or explain a conflict with the setting. After he failed to appear at the hearing, the defendants made an ore tenus motion to dismiss the Complaint. Green was notified of the hearing at the address he provided to the Court at EMCF, but the Order was returned as undeliverable. The Mississippi Department of Corrections website did not show that he was still in its custody, and he has not provided the Court with a new address. The Court has no other way of contacting him.

On February 16, 2018, Magistrate Judge Anderson filed her Report and Recommendation. She opines that the plaintiff failed to abide by the orders of the Court when he failed to attend the scheduled hearing. The defendants have incurred unnecessary attorneys' fees and costs because of plaintiff's failure to attend the scheduled hearing or contact the Court after his release. The actions of the plaintiff have also prejudiced the rights of defendants to promptly and fully defend the claims made against them.

The plaintiff must be willing to prosecute his case in accordance with the rules of the Court. Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

The Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court, both under Fed. R. Civ. P. 41(b) and under its inherent authority. See McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988); Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). The courts' power to dismiss complaints pursuant to Rule 41(b) "is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 629-31; see also Lopez v. Arkansas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978).

If the plaintiff has changed his address, and did not receive the notice of hearing at the address he provided the Clerk, then

3

his failure to advise the Court of that change prevents the Court from moving this case forward. Plaintiff was advised of his responsibility to prosecute his claims and warned that his "[f]ailure to advise the Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and contumacious act . . . and may result in the dismissal of this case." (docket entry 7 and 13). Whether or not a plaintiff is pro se, or incarcerated, he has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without counsel has a continuing obligation to notify the clerk of court of address changes." See Local Rule 11(a); Wade v. Farmers Ins. Group, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 2008) (quoting Anthony v. Marion County General Hospital, 617 F.2d 1164, 1167 (5th Cir. 1980)). Although he has not formally dismissed his complaint, Green has obviously lost interest in pursuing this lawsuit after his release from the EMCF. Green's failure to prosecute this case is the type of inaction that warrants Rule 41(b) dismissal, and is necessary in order to officially conclude the litigation against defendants.

In her Report and Recommendation, Magistrate Judge Anderson recommends that this matter be DISMISSED without prejudice pursuant to Rule 41(b).

THE COURT HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Anderson **(docket entry 29)** as the findings and conclusions of this Court, and dismisses this matter without prejudice.

A final judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 8th day of June, 2018.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE